UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————X

CRIMINAL COURT OF THE CITY OF NEW
YORK, COUNTY OF KINGS; PEOPLE OF
THE STATE OF NEW YORK; MICHAEL
YAVINSKY DBA Administrator/Judge; C.
FARBER DBA Administrator/Judge;
ANTHONY WAITE, Shield No. 9649 DBA
Police Officer for NYPD, Doc #2017KN004760,

**REMAND ORDER**
17-CV-6102 (PKC)

                          Plaintiffs,

          - against -

KORAN AMMON BEY a/k/a LAWRENCE
WILLIAMS,

                          Defendant.

———————————————————————X

PAMELA K. CHEN, United States District Judge:

       On October 17, 2017, Defendant Koran Ammon Bey filed this *pro se* notice of removal,

seeking to remove a pending criminal matter, docket number 2017KN004760, from the Criminal

Court of the City of New York, County of Kings ("Kings County Criminal Court").  (Notice of

Removal, Dkt. 1.)  Defendant's request to proceed *in forma pauperis* is granted pursuant to 28

U.S.C. § 1915 solely for the purpose of this Order.  The Court has promptly examined the notice

as required by 28 U.S.C. § 1455(b)(4).   For the reasons set forth below, the Court *sua sponte*

determines that removal is inappropriate and directs the Clerk of Court to remand the action to the

Kings County Criminal Court.

**BACKGROUND**

       Defendant characterizes himself as "Moorish American National."  (Dkt. 1, at 2.)  He says

(1) his name is not Lawrence Williams, it is Koran Ammon Bey, (2) the State of New York has no

1

authority to charge him under docket number 2017KN004760, and (3) Plaintiff police officer, Anthony Waite, who detained him and provided signed witness statements regarding Defendant's alleged violations of the motor vehicle law, did so in "want of jurisdiction." (Dkt. 1, at 5.) Defendant's basis for removal to this court appears to be based upon his allegations that: (1) his constitutional rights are being violated in connection with the Kings County Criminal Court proceeding and (2) as a Moorish American National, Defendant is not subject to the jurisdiction of the Kings County Criminal Court or the authority of the New York City Police Department. (*Id*. at 11.) In addition to seeking removal of his criminal prosecution, Defendant seeks monetary damages and dismissal of the criminal charges against him. (*Id.* at 15.)

## DISCUSSION

Title 28, Section 1443, of the United States Code ("Section 1443") provides for the removal of a civil action or criminal prosecution from state court to federal court, if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). A petition for removal under Section 1443(1) "must satisfy a two-pronged test." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Id.* Second, it must appear on the face of the notice "that the removal petitioner is 'denied or

cannot enforce' the specified federal rights 'in the courts of (the) State.'" *Id.* (quoting *Rachel*, 384 U.S. at 799, 803).

Here, Defendant has failed to allege a proper basis for removal under Section 1443(1). He does not allege a civil rights violation "in terms of racial equality," as is required to remove a criminal action to federal court. Moreover, Defendant fails to allege that he would be precluded from enforcing his constitutional rights in state court.

In addition, Defendant's suggestion that as "In-Propria Persona, Sui Juris . . . Aboriginal, Indigenous Moor American National," he is immune from the laws of the City and State of New York is incorrect. *Bey v. Bailey*, 09-CV-8416, 2010 WL 1531172, at \*4 (S.D.N.Y. Apr.15, 2010) (petitioner's claim that he is entitled to ignore the laws of the State of New York by claiming membership in the "Moorish–American" nation is without merit and cannot be the basis for habeas relief); *Allah El v. Dist. Attorney for Bronx Cnty.*, 09-CV-8746, 2009 WL 3756331, at \*1 (S.D.N.Y. Nov. 4, 2009) ("Petitioner's purported status as a Moorish–American citizen does not enable him to violate state and federal laws without consequence."); *Saabirah El v. City of New York*, 00-CV-8979, 2002 WL 1482785, at \*4 (S.D.N.Y. July 10, 2002) (status as a Moorish American does not affect obligation to pay taxes).

This Court is familiar with the use of the phrase "sui juris in-propia persona" by Moorish-American national plaintiffs who claim that they are not subject to the jurisdiction of the courts and who submit court filings that contain references to their sovereign citizenship that purportedly exempts them from the laws of the current government and the jurisdiction of the courts. *See, e.g., Smith ex rel. Bey v. Kelly*, 12-CV-2319 (JS)(AKT), 2012 WL 1898944, at \*2-3 (E.D.N.Y. May 24, 2012) (plaintiff is subject to the jurisdiction of the New York state court and the court's order;

"[t]he law is clear that Moorish Americans, like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside."); *Bey v. Jamaica Realty*, 12-CV-2141 (ENV), 2012 WL 1634161, at *1 n. 1 (E.D.N.Y. May 9, 2012) (plaintiff's membership in "Moorish-American" nation does not exempt him from laws of the United States). Accordingly, Plaintiff's purported status is not a basis for removing his action to this Court. *New York v. El*, 12-CV-4091 (KAM), 2012 WL 3861227, at *2 (E.D.N.Y. Sept. 4, 2012) (remand of pending criminal action to New York State criminal court noting that "defendant's suggestion that as a member of the 'Moorish-American' nation she is immune from the laws of the City and State of New York is misguided."); *Atum v. Ricigliano*, 12–CV–2447 (NGG)(LB), 2012 WL 3230529, at *2 (E.D.N.Y. July 31, 2012) (*sua sponte* dismissal of complaint alleging that criminal court judge "did not have jurisdiction over him because the case had his former name and that Moorish Nationals are not subject to New York State laws" as "frivolous").

Further, a notice of removal of a criminal prosecution must be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier" and must include "all the grounds for such removal." 28 U.S.C. § 1455(b) (1)-(5). Here, Defendant's notice of removal is untimely. It is clear from the documents Defendant attaches to his notice of removal that he was charged on January 22, 2017 – almost eleven months ago – on two charges of aggravated unlicensed operation of a motor vehicle and one count of operating a motor vehicle by an unlicensed driver. (Dkt. 1, at 26.)

To the extent that Defendant challenges the government's authority to prosecute him and seeks this Court's intervention, the Court will not intervene in an ongoing state criminal matter. *See Younger v. Harris*, 401 U.S. 37, 43–45 (1971) (federal courts should refrain from enjoining or

otherwise interfering in ongoing state proceedings); *Shelley v. Gulotta*, 09-CV-4883, 2010 WL 309011, at *2 (E.D.N.Y. Jan. 26, 2010) (applying *Younger* abstention because "there is an ongoing state criminal prosecution against Plaintiff," "that state proceeding implicates New York State's important interest in enforcing its own criminal laws," and "Plaintiff will have adequate opportunity for judicial review of his federal constitutional claims in state court").

## **CONCLUSION**

Accordingly, the notice of removal is denied and the action, docket number 2017KN004760, is hereby remanded to the Kings County Criminal Court. 28 U.S.C. § 1455(b)(4). The Clerk of Court is directed to immediately send a certified copy of this Order to the Clerk of the Criminal Court of the City of New York, Kings County, note service on the docket, and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).


SO ORDERED.

                                                     */s/ Pamela K. Chen*_____
                                                     PAMELA K. CHEN
                                                     United States District Judge


Dated:  Brooklyn, New York
            December 14, 2017